IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY JOE DAVIS, #361499, )<br>Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>Respondent. ) | | 3:08-CV-2121-P |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Pack I Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Navasota, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case, pending preliminary screening.

Statement of Case: Petitioner was convicted for the offense of burglary of a building and sentenced to life imprisonment. *State v. Davis*, No. F83-97643 (291st Judicial Dist. Court, Dallas County, Aug. 8, 1983). On December 13, 2005, while on mandatory supervision/parole

for his burglary conviction, Petitioner was arrested and charged for the offense of aggravated robbery with a deadly weapon. *State v. Davis*, No. F05-60532 (363rd Judicial Dist. Court, Dallas County). A parole revocation warrant was issued in No. F83-97643, seeking revocation of his parole a result of the illegal possession of a weapon. On November 28, 2006, the trial court dismissed No. F05-60532 at the request of the state due to insufficient evidence. Despite this dismissal, the Texas Board of Pardons and Paroles (TBPP) voted to revoke Petitioner's parole in No. F83-97643 on December 22, 2006, relying on possession of a weapon as charged in No. F05-60532. On January 9, 2007, the TBPP issued the final decision revoking parole in No. F83-97643.

Thereafter, Petitioner filed two state habeas applications, pursuant to art. 11.07, Texas Code of Criminal Procedure. On November 19, 2007, he filed an 11.07 writ in No. F05-60532, the dismissed case. *See* Attachment for copy of Judicial Information in W05-60532-A. This writ remained pending until February 13, 2008, when the Texas Court of Criminal Appeals (TCCA) dismissed it because relief was unavailable for a case in which there was no final conviction. *See Ex Parte Davis*, No. WR-15,237-05. On March 20, 2008, Petitioner filed his art. 11.07 writ in No. F83-97643. *See* Attachment for copy of Judicial Information in W83-97643-E. The TCCA denied this writ on July 30, 2008. *Ex parte Davis*, No. WR-15,237-06.[1]

In his federal petition, filed on December 1, 2008, Petitioner challenges his parole revocation in No. F83-97643. In four grounds, he alleges he is innocent of the charges which are the basis for his parole revocation, he was denied the opportunity to cross examine Officer M.

---

[1] The docket sheets for these writs are available at http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=256986 and 260426.

Lobe during the revocation hearing, no evidence was presented against him at the revocation hearing, and he was denied the assistance of counsel at the revocation hearing.[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Section 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions. *See Angel v. Quarterman*, 250 Fed.Appx. 44, 45, (5th Cir. 2007) (unpublished per curiam); *Goodwin v. Dretke,* 118 Fed. Appx. 817, 818 (5th Cir. 2004) (unpublished per curiam). Pursuant to this section, the one-year limitations period for § 2254 applications begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In this case, all of the claims relate to facts and circumstances which occurred or were known to Petitioner at the time of his parole revocation decision on January 9, 2007. Thus, the one year limitations period began to run at the very latest on January 10, 2007, and expired on January 9, 2008. While 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of a properly filed state habeas application, statutory tolling is unavailable in this case.

---

[2] For purposes of this recommendation, the petition is deemed filed on November 21, 2008, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Although the federal petition challenges cause No. F05-60532 (*see* Pet. at 2), it is undisputed that Petitioner is presently in custody only on the basis of the revocation of his parole in No. F83-97643. *See* Offender Information Detail, http://168.51.178.33/webapp/TDCJ/Inmate Details.jsp?sidnumber=1464843.

Petitioner did not file an art. 11.07 application in No. F83-97643 until March 20, 2008, more than two months *after* the one-year period had elapsed. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling where state application filed after one-year period has expired). The earlier 11.07 writ, filed in No. F05-60532, did not toll the limitations period with respect to No. F83-97643. Therefore, the federal petition deemed filed on November 21, 2008, is clearly time barred absent equitable tolling.

In response to the court's show cause order, Petitioner reiterates his constitutional claims and attaches numerous exhibits to establish "his good faith efforts to keep this case in action." (Pet's Response at 3). The court liberally construes the latter argument as a request for equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

While Petitioner filed an art. 11.07 writ ten months after his parole revocation, he did so in the wrong case. He provides no explanation as to why his state writ in No. F05-60532, the dismissed case, should count for purposes of equitable tolling of the limitations period in No. F83-97643. Petitioner was on notice that his parole had been revoked in No. F83-97643. That his parole revocation was based in part on evidence stemming from the offense charged in No.

4

F05-60532, the dismissed case, does not excuse his mistaken belief that an art. 11.07 should be filed in that case. Nevertheless, an unexplained ten-month delay in filing the art. 11.07 writ makes the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Basalo v. Cockrell*, 2003 WL 21653864, *4 -5, 3:02cv596-H (N.D. Tex., 2003) (accepting findings) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's unexplained delays did not end here. Following the denial of his state writ on July 30, 2008 (the one correctly filed in No. F83-97643), Petitioner waited three and one-half months before mailing his federal petition. While it appears that he was litigating a petition for writ of mandamus in the TCCA, he fails to provide any explanation as to why he needed to pursue mandamus relief in state court before filing his federal petition. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In sum, the court concludes that Petitioner did not pursue "the [habeas] process with diligence and alacrity" with respect to his parole revocation in No. F83-97643. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The party seeking equitable tolling bears the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

It is further recommended that petitioner's motion for discovery be DENIED as moot.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 27th day of January, 2009.

*[signature: Wm. F. Sanderson, Jr.]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

# ATTACHMENTS